FILED
2021 NOV 5 PM 12:34
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **FREDERICK O. SILVER,**  **Plaintiff,**  v.  **COPART, INC./COPART AUTO AUCTIONS; and DAVID PAXTON,**  **Defendants.** | **MEMORANDUM DECISION AND ORDER**  **Case No. 2:21-cv-00530-JCB**  **Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, Plaintiff Frederick O. Silver ("Mr. Silver") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] As explained below, the court dismisses this action without prejudice for lack of subject-matter jurisdiction.

## BACKGROUND

Mr. Silver alleges that he entered into an "online bidding agreement" with Defendant Copart, Inc./Copart Auto Auctions ("Copart"), which operates an online vehicle auction and is located in Magna, Utah.[2] Mr. Silver asserts that he received an email from Copart notifying him that he had bid on and won a 1999 Lexus RX 300 and that he owed Copart a total of $1,391.89.[3]

---

[1] ECF No. 3; General Order 20-034.

[2] ECF No. 5 at 1-2.

[3] *Id.* at 2.

Mr. Silver contends that he did not bid on the vehicle and that he notified Copart of that fact.[4] After Mr. Silver apparently did not purchase the vehicle, Mr. Silver maintains that Copart charged him a $600 relisting fee for the vehicle.[5]

Based upon those allegations, Mr. Silver asserts two claims against Copart and Defendant David Paxton ("Mr. Paxton"): (1) breach of contract and (2) punitive damages.[6] In the sections of his complaint devoted to those claims, Mr. Silver alleges that he is entitled to damages in excess of $75,000 for each claim.[7] However, in his prayer for relief, he requests $30,000 for each claim.[8] Hence, he is $15,000 short of $75,000.

Mr. Silver contends that this court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332.[9] Mr. Silver alleges that he is domiciled in Texas and that Copart and Mr. Paxton are domiciled in Utah.[10] Mr. Silver further alleges that the amount in controversy exceeds $75,000.[11]

---

[4] *Id*.

[5] *Id*.

[6] *Id*. at 3-4.

[7] *Id*. at 4.

[8] *Id*.

[9] *Id*. at 1-2.

[10] *Id*.

[11] *Id*. at 1.

## ANALYSIS

This court lacks subject-matter jurisdiction because Mr. Silver's complaint fails to establish the minimum required amount in controversy of $75,000 under 28 U.S.C. § 1332. "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."[12] "Because the jurisdiction of federal courts is limited, there is a presumption against [their] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[13] "[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[14]

To establish subject-matter jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege facts in his complaint showing that the matter in controversy exceeds $75,000 and is between citizens of different states. "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."[15] In order to justify dismissal of an action for failure to establish the minimum amount in controversy under 28

---

[12] *Morris v. City of Hobart,* 39 F.3d 1105, 1111 (10th Cir. 1994).

[13] *Merida Delgado v. Gonzales,* 428 F.3d 916, 919 (10th Cir. 2005) (quotations and citation omitted).

[14] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[15] *Gibson v. Jeffers,* 478 F.2d 216, 221 (10th Cir. 1973) (footnote omitted).

U.S.C. § 1332, "'[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'"[16]

For the following reasons, it is a legal certainty that Mr. Silver's claims are for less than the minimum required amount in controversy under 28 U.S.C. § 1332. First, Mr. Silver cannot recover punitive damages because those damages are not available under Utah law for breach of contract.[17] Thus, the $30,000 he requests for that alleged cause of action is not available.[18]

Second, Mr. Silver fails to allege facts showing that the amount in controversy for his breach of contract claim comes anywhere near $75,000. Indeed, Mr. Silver's factual allegations explicitly demonstrate that the disputed amount in this matter is a $600 relisting fee.[19] Additionally, even if this court assumes that he may collect more than $600 for his breach of contract, his prayer for relief seeks only $30,000 for this claim. Although Mr. Silver does make

---

[16] *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[17] *Cook Assocs., Inc. v. Warnick*, 664 P.2d 1161, 1167 (Utah 1983) ("It is settled as a general rule . . . that a plaintiff cannot recover punitive damages for a breach of contract."); *Jorgensen v. John Clay & Co.*, 660 P.2d 229, 232-33 (Utah 1983) ("The general rule is that punitive damages cannot be awarded for a breach of contract."). The court recognizes that there is an exception to this general rule under Utah law. Specifically, when "an independent tort is committed in the context of the performance or breach of a contract, punitive damages may be recovered together with compensatory damages for that tort." *Cook Assocs., Inc.*, 664 P.2d at 1167; *see also Jorgensen*, 660 P.2d at 232. Mr. Silver does not make any factual allegations in his complaint that would implicate that exception.

[18] "Punitive damages" is not a separate cause of action but merely a type of remedy available after proving a cause of action that allows for punitive damages. *Shoup v. Doyle*, 974 F. Supp. 2d 1058, 1086 (S.D. Ohio 2013) (stating that "punitive damages are a remedy and not a separate cause of action" (quotations and citations omitted)).

[19] *Id.* at 2.

the conclusory allegation that that Copart and Mr. Paxton are liable for breach of contract in an amount exceeding $75,000,[20] that is insufficient to establish the minimum amount in controversy under 28 U.S.C. § 1332.[21]

## CONCLUSION AND ORDER

As demonstrated above, Mr. Silver fails to carry his burden of establishing the court's subject-matter jurisdiction under 28 U.S.C. § 1332. Therefore, this action is DISMISSED WITHOUT PREJUDICE.[22]

IT IS SO ORDERED.

DATED November 5, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[20] *Id.* at 3-4.

[21] *Gibson,* 478 F.2d at 221 ("Merely asserting an amount in controversy equal to the minimum sum required does not entitle [a plaintiff] to sue in federal court.").

[22] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").